UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE RANDOLPH SCOTT BY NEXT FRIEND AND SPECIAL ADMINISTRATOR VIENNA SIMMONS, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| UNITED STATES OF AMERICA UNITED STATES NATIONAL PARK SERVICES, UNITED STATES DEPARTMENT OF INTERIOR PARK RANGER JOSN UPDEGRAFF, ASST. CHIEF RANGER BETH STOUT, ASST. CHIEF RANGER SCOTT KARRIGAN ◄▇▇► | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendant. | ) |

Division No.:

## PETITION

COMES NOW Plaintiffs Randolph Scott deceased and Vienna Simmons individually and as next friend and special administrator by and through Counsel and states as follows:

### First Cause of Action-Assault and Battery

1.      This is an action arising under the Federal Tort Claims Act, U.S.C. §§ 2671 et seq. and in particular 28 U.S.C. § 2680(h) against the United States of America and other Defendants named infra as pendent parties pursuant to 28 U.S.C. § 1367. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).  Venue is proper for the United States District Court, Eastern District of Missouri, 8th Circuit as the acts and/or omissions

1

at issue in the instant case as described infra occurred in this Judicial District pursuant to 28 U.S.C. § 1402(b).

2.     Plaintiff Scott Randolph hereinafter "Scott" is deceased and resided in the County of St. Louis, which is within the Eastern District of the State of Missouri and the acts and omissions that are the basis of this lawsuit occurred in the City of St. Louis, State of Missouri, which is within the Eastern District of the State of Missouri and at all relevant times the appropriate venue is the United States District Court, Eastern District of Missouri, 8th Circuit.

3.     Plaintiff Vienna Simmons is the biological mother of Plaintiff Scott Randolph and next friend and special administrator of the estate and individually and resides in the County of St. Louis, and a proper party for and in lieu of Plaintiff Randolph Scott and for her claims individually who further resides within the Eastern District of the State of Missouri and said petition is for the acts and omissions that are the basis of this lawsuit occurred in the City of St. Louis, State of Missouri, which is within the Eastern District of the State of Missouri.

4.     Defendant United States of America is the appropriate party pursuant to a claim for relief under the Federal Tort Claims Act and is responsible pursuant to said Act for the negligence and torts of its officials, agents, employees and/or departments.

5.     Defendant Josh Updegraff is a federal law enforcement officer and/or investigative officer employed by Defendant United States National Park Service, United States of America as a Federal Park Ranger for the National Park Service.  Ranger Updegraff is empowered by law to investigate and make arrests for violations of federal law.

2

6.      Defendant Beth Stout is employed by Defendant United States National Park
Service as an Assistant Chief Ranger for the National Park Service and is a federal law
enforcement officer and/or investigative officer and is responsible for ensuring that all
law enforcement in the National Park Service are properly trained in the use of force,
including firearms in the performance of their duties as federal law enforcement officers.

7.      Defendant Scott Karrigan is employed by Defendant United States National Park
Service as an Assistant Chief Ranger for the National Park Service and is a federal law
enforcement officer and/or investigative officer and is responsible for ensuring that all
law enforcement in the National Park Service are properly trained in the use of force,
including firearms in the performance of their duties as federal law enforcement officers.

8.      Defendant National Park Service is an agency or department of Defendant United
States of America. Defendant United States Department of Interior is a department of the
executive branch of the United States of America.

9.      In doing the acts alleged in this complaint Defendants Park Ranger Updegraff,
Beth Stout and Scott Karrigan were acting within the course and scope of their
employment and were acting on behalf of Defendant United States of America in their
capacities as Federal Park Ranger and Assistant Chief Ranger and/or supervisor's of
Defendant Updegraff of the National Park Service, United States of America.

10.     On June 29, 2008, Ranger Updegraff noticed Plaintiff Randolph Scott and others
present at or near 100 Washington Avenue which is located in the City of St. Louis and
not on the property of the United States of America.

11.     At most the actions of Scott and others immediately prior to Defendant Updegraff
intervention at issue in the instant case constituted misdemeanor and/or infractions under

3

the jurisdiction of the City of St. Louis, Missouri and at all relevant times not within any jurisdiction and/or criminal code of the United States of America.

12. On June 29, 2008, Defendant Updegraff approached Scott in the street commonly known as Washington located in the City of St. Louis near the property of United States of America commonly referred to as the Arch grounds and approached Plaintiff Scott and others in a hostile manner concerning their actions quickly removed his issued "tasser" and "tassed" Scott in the back after Scott had retreated from Defendant Updegraff and proceeded to deploy electric volts upon Scott at least three times and further attempted to handcuff Scott and physically cause offense contact to Scott in a offensive manner and Defendant Updegraff drew his pistol and fired several shots at Scott striking Scott in the chest, stomach, penis and arm, causing the death of Scott after Scott had attempted to escape the offensive contact of Defendant Updegraff. At all relevant times concerning the shooting by Defendant Updegraff said Defendant placed himself behind an open door of the on the passenger side of the car in which Scott attempted to protect himself and escape the offensive contact of Defendant Updegraff.

13. Defendant Updegraff was not justified in the initial use of force and subsequent use of deadly force.

14. At all relevant times Scott was not resisting any lawful command of Defendant Updegraff prior to being receiving offensive contact from Defendant Updegraff when he deployed his "tasser" striking Scott.

15. As a direct and proximate result of Defendant Updegraff's assault and battery Scott suffered death. Those injuries caused Plaintiff's Scott great physical and mental

4

pain and suffering and prematurely ended his life. By reason of the above, Plaintiff has been damaged in the sum of $10,000.000.00.

16. As a further direct and proximate result of Ranger Updegraff's assault and battery upon Plaintiff, Plaintiff has incurred hospital and medical and funeral expenses of $47,424.05.

17. On 10/5/2009, Plaintiff submitted a claim to National Park Service for the damages and injuries alleged in this complaint pursuant to jurisdictional preconditions to suit and in particular 28 U.S.C. § 2675.

18. On 3/18/2010, Plaintiff's claim was rejected by the United States Department of Interior, United States of America and suit is brought by Plaintiffs within six months of said denial.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other and further relief as the Court may deem proper.

## Second Cause of Action-Negligence

19. This is an action arising under the Federal Tort Claims Act, U.S.C. §§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b) and other Defendants named infra as pendent parties pursuant to 28 U.S.C. § 1367. Venue is proper for the United States District Court, Eastern District of Missouri, 8th Circuit as the acts and/or omissions at issue in the instant case as described infra occurred in this Judicial District pursuant to 28 U.S.C. § 1402(b).

20. Plaintiff Scott Randolph hereinafter "Scott" is deceased and resided in the County of St. Louis, which is within the Eastern District of the State of Missouri and the acts and

5

omissions that are the basis of this lawsuit occurred in the City of St. Louis, State of Missouri, which is within the Eastern District of the State of Missouri and at all relevant times the appropriate venue is the United States District Court, Eastern District of Missouri, 8th Circuit.

21. Plaintiff Vienna Simmons is the biological mother of Plaintiff Scott Randolph and next friend and special administrator of the estate and individually and resides in the County of St. Louis, and a proper party for and in lieu of Plaintiff Randolph Scott and for her claims individually who further resides within the Eastern District of the State of Missouri and said petition is for the acts and omissions that are the basis of this lawsuit occurred in the City of St. Louis, State of Missouri, which is within the Eastern District of the State of Missouri.

22. Defendant United States of America is the appropriate party pursuant to a claim for relief under the Federal Tort Claims Act.

23. Defendant Josh Updegraff is a federal law enforcement officer and/or investigative officer employed by Defendant United States National Park Service, United States of America as a Federal Park Ranger for the National Park Service. Ranger Updegraff is empowered by law to make arrests for violations of federal law.

24. Defendant Beth Stout is employed by Defendant United States National Park Service as an Assistant Chief Ranger for the National Park Service and is a federal law enforcement officer and/or investigative officer and is responsible for ensuring that all law enforcement in the National Park Service are properly trained in the use of force, including firearms in the performance of their duties as federal law enforcement officers.

6

Upon information and belief Defendant Beth Stout was the direct supervisor of Defendant Updegraff in absence of Defendant Scott Karrigan.

25.     Defendant Scott Karrigan is employed by Defendant United States National Park Service as an Assistant Chief Ranger for the National Park Service and is a federal law enforcement officer and/or investigative officer and is responsible for ensuring that all law enforcement in the National Park Service are properly trained in the use of force, including firearms in the performance of their duties as federal law enforcement officers. Defendant National Park Service is an agency or department of Defendant United States of America. Defendant United States Department of Interior is a department of the executive branch of the United States of America.

26.     Defendant National Park Service is an agency or department of Defendant United States of America. Defendant United States Department of Interior is a department of the executive branch of the United States of America.

27.     In doing the acts alleged in this complaint Defendants Park Ranger Updegraff, Beth Stout and Scott Karrigan were acting within the course and scope of their employment and were acting on behalf of Defendant United States of America in their capacities as Federal Park Ranger and Assistant Chief Ranger and/or supervisor's of Defendant Updegraff of the National Park Service, United States of America.

28.     At all relevant times Defendant Updegraff had a duty to Scott and negligently breached his duty to Scott causing harm to Scott as described infra.

29.     On June 29, 2008, Ranger Updegraff noticed Plaintiff Randolph Scott and others present at or near 100 Washington Avenue which is located in the City of St. Louis and not on the property of the United States of America.

7

30.     At most the actions of Scott and others immediately prior to Defendant Updegraff intervention at issue in the instant case constituted misdemeanor and/or infractions under the jurisdiction of the City of St. Louis, Missouri and at all relevant times not within any jurisdiction and/or criminal code of the United States of America.

31.     Upon information and belief Defendant Updegraph failed to contact the St. Louis City Police Department concerning to report the conduct of Scott or others concerning Scott or others actions that he heard, saw and/or were concerned about prior to making contact with others and Scott; said failure to contact the proper law enforcement authorities concerning any concerns Defendant Updegraff had concerning Scott and/or others was unreasonable and negligent creating a danger to other's and Scott.

32.     Upon information and belief Defendant Updegraff unreasonably and negligently failed to call for law enforcement assistance prior to confronting and approaching others and Scott causing a danger to other's and Scott.

33.     Upon information and belief Defendant Updegraff unreasonably and negligently failed to timely call for law enforcement assistance after confronting others and Scott causing a danger to others and Scott.

34.     On June 29, 2008, Defendant Updegraff unreasonably and negligently approached Scott in the street commonly known as Washington located in the City of St. Louis near the property of United States of America commonly referred to as the Arch grounds and approached Plaintiff Scott and others in a negligent manner concerning others and Scott's actions unreasonably and negligently removed his issued "tasser" and "tassed" Scott in the back after Scott had retreated from Defendant Updegraff and unreasonably and negligently proceeded to deploy electric volts upon Scott at least three

8

times and further attempted to unreasonably and negligently handcuff Scott and unreasonably and negligently cause contact to Scott and further unreasonably and negligently Defendant Updegraff drew his pistol and fired several shots at Scott striking Scott in the chest, stomach, penis and arm causing the death of Scott after Scott attempted to escape the offensive contact of Defendant Updegraff. At all relevant times concerning the shooting by Defendant Updegraff said Defendant unreasonably and negligently placed himself behind an open door of the on the passenger side of the car in which Scott attempted to protect himself and escape the offensive contact of Defendant Updegraff causing Defendant Updegraff in a position of using deadly force against Scott when Scott was trying to escape offensive contact.

35.    Defendant Updegraff was negligent in the initial use of force and subsequent use of deadly force.

36.    At all relevant times Defendant Updegraff had a duty to Scott to keep Scott safe and not unreasonably cause harm to Scott.

37.    At all relevant times Defendant Updegraff breached his duty to keep Scott safe and unreasonably did cause harm to Scott.

38.    As a direct and proximate result of Defendant Updegraff's negligence Scott suffered death. Those injuries caused Plaintiff's Scott great physical and mental pain and suffering and prematurely ended his life. By reason of the above, Plaintiff has been damaged in the sum of $10,000.000.00.

39.    As a further direct and proximate result of Defendant Updegraff's negligence upon Plaintiff, Plaintiff has incurred hospital and medical and funeral expenses of $47,424.05.

9

40.     On 10/5/2009, Plaintiff submitted a claim to National Park Service for the damages and injuries alleged in this complaint pursuant to jurisdictional preconditions to suit and in particular 28 U.S.C. § 2675.

41.     On 3/18/2010, Plaintiff's claim was rejected by the United States Department of Interior, United States of America and suit is brought by Plaintiffs within six months of said denial.

        WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other and further relief as the Court may deem proper.

### Third Second Cause of Action-Negligent Supervision and Failure to Train

42.     Plaintiff realleges paragraphs I through 41 of this complaint as if set forth in full here.

43.     Defendant Beth Stout was negligent in failing to ensure that Defendant Updegraff had proper and special training for the duties that a Federal Park Ranger could foreseeably be expected to perform in the course of Ranger Updegraff's employment with Defendant United States of America, especially with regards to the use of force and/or deadly force.

44.     Defendant Beth Stout was negligent in failing to supervise ensure that Defendant Updegraff had properly conducted himself for the duties that a Federal Park Ranger could foreseeably be expected to perform in the course of Defendant Updegraff's employment with Defendant United States of America, especially with regards to the use of force and deadly force.

10

45.     At all relevant times Defendant Beth Stout was the supervisor of Defendant

Updegraff and was negligent in failing to supervise Defendant Updegraff and further

failing to protect Scott from Defendant Updegraff use of force and/or use of deadly force

by direct intervention and/or other Rangers who she supervised at the day at issue in

which Scott was harmed resulting in his death.

46.     As a direct and proximate result of the negligence of Defendant Beth Stout

Plaintiff was damaged as alleged above.

47.     On 10/5/2009, Plaintiff submitted a claim to the United States National Park

Service for the damages and injuries alleged in this complaint.

48.     On 3/18/2010, Plaintiff's claim was rejected by the United States Department of

Interior, United States of America.

        WHEREFORE, Plaintiff demands judgment against Defendant in the sum of

$10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other

and further relief as the Court may deem proper.

### Fourth Cause of Action-Negligent Supervision and Failure to Train

49.     Plaintiff realleges paragraphs I through 41 of this complaint as if set forth in

full here.

50.     Defendant Scott Karrigan was negligent in failing to ensure that Defendant

Updegraff had proper and special training for the duties that a Federal Park Ranger could

foreseeably be expected to perform in the course of Ranger Updegraff's employment

with Defendant United states of America, including, but not limited to the use of force

and/or deadly force.

11

51. As a direct and proximate result of the negligence of Defendant Scott Karrigan, Scottt was damaged as alleged above.

52. On 10/5/2009, Plaintiff submitted a claim to the National Park Service for the damages and injuries alleged in this complaint.

53. On 3/18/2010, Plaintiff's claim was rejected by the United States Department of Interior, United States of America.

WHEREFORE, Plaintiff requests judgment against Defendants as stated below.

## Fifth Cause of Action-Deprivation of Constitutional Rights

54. Plaintiff realleges paragraphs I through 41 of this complaint as if set forth in full here.

55. Pursuant to IV Amendment of the United States Constitution, the V Amendment to the Constitution and the VIII Amendment to the United States Constitution Plaintiff brings action against Defendant Updegraff whose actions included use of excessive force upon Scott rising to violations the United States Constitutional Rights of Scott including, without limitation depriving Scott of his rights to be secure in his person, deprived of his right of life and liberty without due process of law, and subjected to cruel and unusual punishments in contravention of Scotts Constitutional rights afforded to him by the United States Constitution and its Constitutional Amendments and applicable statutes.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other and further relief as the Court may deem proper.

## Sixth Cause of Action-Deprivation of Constitutional Rights Failure to Train and

### Supervise

12

56.    Plaintiff realleges paragraphs I through 48 of this complaint as if set forth in
full here.

57.    Pursuant to IV Amendment of the United States Constitution, the V Amendment
to the United States Constitution and the VIII Amendment to the Constitution Plaintiff
brings action against Defendant Beth Stout for failure to train and supervise Defendant
Updegraff whose actions included use of excessive force upon Scott rising to violations
the United States Constitutional Rights of Scott including, without limitation depriving
Scott of his rights to be secure in his person, deprived of his right of life and liberty
without due process of law, and subjected to cruel and unusual punishments in
contravention of Scotts Constitutional rights afforded to him by the United States
Constitution and its Constitutional Amendments and applicable statutes.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of
$10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other
and further relief as the Court may deem proper.

## Seventh Cause of Action-Deprivation of Constitutional Rights For Failure to Train
## and Supervise

58.    Plaintiff realleges paragraphs I through 41 and paragraphs 49 to 55 of this
complaint as if set forth in full here.

59.    Pursuant to the IV Amendment of the United States Constitution, the Amendment
to the United States Constitution and the VIII Amendment to the Constitution Plaintiff
brings action against Defendant Updegraff whose actions included use of excessive force
upon Scott rising to violations the United States Constitutional Rights of Scott including,
without limitation depriving Scott of his rights to be secure in his person, deprived of his

13

right of life and liberty without due process of law, and subjected to cruel and unusual punishments in contravention of Scotts Constitutional rights afforded to him by the United States Constitution and its Constitutional Amendments and applicable statutes.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other and further relief as the Court may deem proper.

## Eighth Cause of Action-Deprivation of Constitutional Rights Failure to Train and
## Supervise

60.     Plaintiff realleges paragraphs I through 59 of this complaint as if set forth in full here.

61.     Pursuant to IV Amendment of the United States Constitution, the V Amendment to the United States Constitution and the VIII Amendment to the Constitution Plaintiff brings action against Defendant United States of America and/or the United States National Park Services and/or United States Department of Interior for failure to train and supervise Defendant Updegraff whose actions included use of excessive force upon Scott rising to violations the United States Constitutional Rights of Scott including, without limitation depriving Scott of his rights to be secure in his person, deprived of his right of life and liberty without due process of law, and subjected to cruel and unusual punishments in contravention of Scotts Constitutional rights afforded to him by the United States Constitution and its Constitutional Amendments and applicable statutes.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $10,000.000.00 together with Plaintiff's costs in this action, attorneys fees and such other and further relief as the Court may deem proper.

14

Respectfully submitted,

Douglas B. Rudman, #4227
Timothy J. Smith, # 93056
Derek M. Rudman, #103470
Attorneys for Plaintiffs
2611 South Big Bend Boulevard
St. Louis, MO 63143
(314) 645-7246
(314) 645-4156 (Facsimile)

15