# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE RANDOLPH SCOTT BY NEXT FRIEND and SPECIAL ADMINISTRATOR VIANNA SIMMONS, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case number 4:10cv1578 TCM |
| UNITED STATES OF AMERICA, et al., ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to intervene as a plaintiff filed by Randolph Scott, Sr. (Intervenor) pursuant to Federal Rule of Civil Procedure 24 (Rule 24) [Doc. 3] and on Intervenor's motion to stay proceedings [Doc. 51].

This damages action arises out of the death in St. Louis, Missouri, of minor Randolph Scott as the alleged result of a shooting by a Park Ranger for the National Park Service, Defendant Josh Updegraff, who was allegedly acting within the scope of his employment and supervised and trained by Defendants Beth Stout, an Assistant Chief Ranger for the National Park Service, and Scott Karrigan, a Supervisory Park Ranger, at the time of the shooting.[1] (See ¶¶ 4-7 and 10 of the Compl. as admitted by Defendant United States of America (the Government) [Docs. 1 and 21].) Counts I through IV of the complaint present claims under

---

[1] Defendants recently filed a request that the United States be substituted for the three individual Defendants. See Defs. Mot. Substitute and to Dismiss, or in the Alternative, for Summary Judgment [Doc. 38], filed Jan. 28, 2011. That motion is not now before the Court.

the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., for assault and battery, negligence, and negligent supervision and failure to train (Compl. at 1-12 [Doc. 1]), while Counts V through VIII of the complaint present claims under the Fourth, Fifth, and Eighth Amendments to the United States Constitution ("constitutional claims") (id. at 12-14). Each count of the complaint alleges that the minor's death occurred as a result of the relevant Defendant's conduct. (Id. ¶¶ 15, 38, 45, 46, 51, as well as those paragraphs as incorporated into the constitutional claims at ¶¶ 54, 56, 58, and 60.)

Vienna Simmons (Simmons), whose request to be appointed the minor decedent's next friend for purposes of prosecuting this lawsuit was granted (see Doc. 28), is the natural mother of the decedent.² There is no dispute that, before filing this lawsuit, Simmons timely filed an unsuccessful administrative claim with the United States National Park Service. (Ex. A attached to Government's Br. Oppos. Mot. Intervene [Doc. 16-1].) By that claim Simmons, as mother of decedent, sought relief for her son's wrongful death, and did not present any claim for personal injury or in any capacity other than as decedent's mother. (Id.; Simmons' Br. Oppos. Mot. Intervene [Doc. 48].)³ Simmons did not identify Intervenor in her administrative

---

² In her opposition to the Motion to Intervene, Simmons reports that she is presenting the opposition "individually and as next of [sic] friend and spe[ci]al administrator" for decedent (Doc. 48). The caption of the complaint does not, however, name Simmons as a plaintiff individually but states instead "In re Randolph Scott by Next Friend and Special Administrator Vienna Simmons, Plaintiff" [Doc. 1]. The allegations in the complaint identify Simmon as a plaintiff both in her representative capacity for decedent and individually, see, e.g., Compl. ¶¶ 3 and 21 (Doc. 1), but then refer to "Plaintiff" in the singular, see "Wherefore" paragraphs in each count (id.). To avoid confusion in this ruling, the Court will refer to Simmons by her last name.

³ Specifically, the cover letter submitted with the administrative claim stated the submission was "RE: Wrongful Death of Randolph Scott" and that letter included, in addition to the claim form and a witness list, "copies of medical bills, funeral bill, [and the] death certificate," which are not part of this record. (Id.) On the claim form she submitted, Simmons stated in relevant part that the "Basis

claim, either by name or by relationship to the decedent. (Ex. A attached to Government's Br. Oppos. Mot. Intervene [Doc. 16-1]; Simmons' Br. Oppos. Mot. Intervene [Doc. 48].) Intervenor is also not identified in Simmons' complaint, either by name or relationship to the decedent. (Compl. [Doc. 1].)

Intervenor reports he is the natural father of the minor decedent. (Mot. Intervene ¶ 2 [Doc. 3].) No party disputes Intervenor's status as the minor decedent's father.

In his motion to intervene, Intervenor first urges he is entitled to intervene as of right under Rule 24(a) because, while not mentioned in the complaint, the claims pursued by Plaintiff are wrongful death claims under Missouri law and, as the father of the minor decedent, his rights will be impaired and are not adequately represented without intervention. Alternatively, Intervenor seeks permissive intervention under Federal Rule of Civil Procedure 24(b) because his claims share a common question of fact or law with those in the complaint and his intervention will not unduly delay or prejudice the adjudication of the pending claims. The Government opposes the motion only to the extent Intervenor requests intervention with respect to the claims pursued under the FTCA, on the ground that Intervenor did not file an administrative claim regarding the minor's death and is time-barred from filing one now. Simmons adopts and reiterates, in large part, the Government's response in opposition to the intervention motion with respect to the FTCA claims. With respect to the constitutional

---

of Claim" was that her son had been shot "multiple times in the thoracoabdominal and abdominal areas causing his death . . . ." (Id.) Additionally, for the part of the claim form asking the "Nature and Extent of Each Injury or Cause of Death," Simmons stated: "Wrongful death of [her son] due to thoracoabdominal and abdominal gun shot wounds." (Id.) Then, for "Amount of Claim," Simmons stated "N/A" and did not include an amount for "Personal Injury," and reported "[$]10,000,000.00" for "Wrongful Death," and a total of "[$]10,000,000.00" as the total amount of the claim. (Id.)

claims, Simmons opposes intervention on the grounds Intervenor's participation "will inject confusion at a trial" and is not necessary because, pursuant to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080 et seq., only one wrongful death action may be brought against any one defendant for a person's death and Intervenor may participate in a judicial hearing for distribution and apportionment of any proceeds resulting from this wrongful death lawsuit, see, e.g., Mo. Rev. Stat. § 537.095.2.

Rule 24. For intervention as of right under Rule 24(a), the intervenor must file a timely motion and satisfy all three conditions set forth in the Rule, i.e., showing the intervenor's interest in the action, that the interest may be impaired by disposition of the case, and that the interest is not adequately protected by a current party to the litigation. **South Dak. ex rel. Barnett v. United States Dep't of Interior**, 317 F.3d 783, 785 (8th Cir. 2003). Under the terms of Rule 24(b), a court may grant a timely application for permissive intervention when the intervenor's claim and the main lawsuit have a question of law or fact in common, so long as in the exercise of its discretion the court finds the intervention will not "unduly delay or prejudice" the adjudication of the original litigants' rights. Rule 24 is "to be liberally construed with all doubts resolved in favor of the proposed intervenor." **South Dak. ex rel. Barnett**, 317 F.3d at 785.[4]

The question of a Rule 24 motion's timeliness must be the first issue reached. **NAACP**

---

[4] Although Intervenor did not submit a pleading with his motion to intervene as required by Rule 24(c), no one raises that failure as an issue in resolving the motion, and the Court concludes the parties' materials regarding the motion to intervene "provide[] sufficient notice to the court and the parties of [Intervenor]'s interests" in this litigation. **United States v. Metropolitan St. Louis Sewer Dist.**, 569 F.3d 829, 834 (8th Cir. 2009) ("**MSD**").

**v. New York**, 413 U.S. 345, 365 (1973); **United States v. Ritchie Special Credit Invs.**, 620 F.3d 824, 832 (8th Cir. 2010). The motion's "[t]imeliness is . . . determined from all the circumstances." **NAACP**, 413 U.S. at 366; **Ritchie Special Credit Invs.**, 620 F.3d at 832 (quoting NAACP, 413 U.S. at 366)). To determine timeliness, the court should consider "'[(1)] how far the litigation had progressed at the time of the motion for intervention, [(2)] the prospective intervenor's prior knowledge of the pending action, [(3)] the reason for the delay in seeking intervention, and [(4)] the likelihood of prejudice to the parties in the action.'" **Ritchie Special Credit Invs.**, 620 F.3d at 832 (alterations in original) (quoting Minnesota Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998)).

The record shows that the motion was filed less than thirty days after this lawsuit was filed, before all defendants were served, before any answer was filed, and before any substantive matters were presented by the parties or addressed by the Court. Simmons does not contest the Intervenor's remarks that she misled him or did not communicate with him about the filing of her administrative claim and of this lawsuit. Under all the circumstances, the Court concludes the motion to intervene was timely filed.

The Court will first consider the motion under the terms of Rule 24(b) for permissive intervention. A court's consideration of permissive intervention under Rule 24(b) is "wholly discretionary." **South Dak. ex rel. Barnett**, 317 F.3d at 787. "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights," and consideration of the "adequacy of [the] protection [of the intervenor's rights by existing litigants] is only a minor variable" under this Rule. **Id.** In view of the status of these proceedings with discovery ongoing, dispositive

motions not due until December 31, 2011, the jury trial scheduled for April 2012, and the pendency of a recently filed motion to dismiss or for summary judgment that is not yet ready for consideration by the Court, the Court concludes granting the motion will not unduly delay or prejudice the adjudication of the original parties' rights.  <u>See</u> <u>e.g.</u> Case Management Order, dated January 14, 2011 (Doc. 35).  Moreover, the death of Intervenor's and Simmons' minor son, which forms the basis of all the claims in this lawsuit, is the focus of Intervenor's interest in this litigation.  As shown in the discussion below, Intervenor's claims share questions of law and fact in common with Simmons' claims.  Therefore, the Court will grant permissive intervention to the extent Intervenor may pursue the claims in this lawsuit.  <u>See</u> discussion below regarding what claims Intervenor may pursue.  Having determined that intervention under Rule 24(b) is proper, the Court will not address Intervenor's motion to the extent it seeks intervention as of right under Rule 24(a).

<u>The FTCA Claims.</u>  "The United States may be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment under the FTCA."  **Washington v. Drug Enforcement Admin.**, 183 F.3d 868, 873 (8th Cir. 1999).  Specifically, federal district courts are granted jurisdiction over civil damages actions against the federal government

> for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); <u>see</u> <u>also</u> 28 U.S.C. § 2674 (providing, in relevant part, that for tort

claims the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances," except with respect to pre-judgment interest and punitive damages). "The 'law of the place' [in § 1346(b)(1)] refers to the substantive law of the state where the wrongful conduct took place."[5] **Washington**, 183 F.3d at 873 (citing FDIC v. Meyer, 510 U.S. 471, 477-78 (1994)). Therefore, the Government's liability under the FTCA depends upon the substantive law of the state where the alleged incident took place. Because the shooting at issue here occurred in Missouri, the Court will consider whether Simmons' FTCA claims, which are not expressly presented as claims under Missouri's wrongful death law, fall within that law as the parties seem to agree and despite the failure of the complaint to mention that as a basis for the tort claims.

"Missouri does not recognize a common law cause of action for wrongful death," but provides statutorily for such an action pursuant to Mo. Rev. Stat. § 537.080 et seq. **Stern v. Internal Med. Consultants, II, L.L.C.**, 452 F.3d 1015, 1017 (8th Cir. 2006). By its terms, Missouri's wrongful death statute applies in damages actions "[w]henever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof." Mo. Rev. Stat. § 537.080.1. Importantly, the wrongful death action belongs to the decedent's

---

[5] The "law of the place" requirement precludes an FTCA action for allegedly unconstitutional conduct. **Washington**, 183 F.3d at 873-74. "Under Bivens v. Six Unknown Agents [of Fed. Bureau of Narcotics], 403 U.S. 388 . . . (1971), [however,] parties have a cause of action against the individual law enforcement agents who are responsible for the [alleged] constitutional rights violations." **Washington**, 183 F.3d at 872 n.8. Therefore, the constitutional claims under Bivens and its progeny pursued here against the individual Defendants are not subject to the FTCA's requirements.

survivors, not the decedent, and does not vest in the decedent's estate, is not a transmitted right, and is not a survival right. **Reese v. U. S. Fire Ins. Co.**, 173 S.W3d 287, 298 (Mo. Ct. App. 2005) (per curiam) (quoting Sullivan v. Carlisle, 851 S.W.2d 510, 513, 515 (Mo. 1993) (en banc)). Rather, Missouri's wrongful death statute "permits [the statutorily designated beneficiaries to] recover[] . . . damages for injuries sustained by the deceased prior to death, along with damages resulting from the death." **Stiffelman v. Abrams**, 655 S.W.2d 522, 533 (Mo. 1983) (en banc); accord **Mathis v. Leavitt**, 554 F.3d 731, 732-33 (8th Cir. 2009) (noting Missouri's wrongful death statute permits "beneficiaries [to] recover medical expenses" incurred "between the time of [the decedent's] injury and death [as well as] damages 'for the death and loss'" (quoting Mo. Rev. Stat. § 537.090)). Due to the alleged circumstances of the minor's death, the Court considers the claims in this action as wrongful death claims under Missouri's wrongful death statute.

Intervenor argues that as a parent of a minor decedent, who died without a spouse or children under actionable circumstances, he is entitled to bring a wrongful death action under Mo. Rev. Stat. § 537.080.1(1). Under that statute, when a minor who does not have a spouse or children dies, as here, the minor's mother or father may pursue a wrongful death action if the circumstances support such an action. Id. Importantly, the statute provides that "[o]nly one action may be brought under [§ 537.080] against any one defendant for the death of any one person." Mo. Rev. Stat. § 537.080.2. Therefore, when "any person within the class of beneficiaries [in Missouri's wrongful death statute] bring[s] a wrongful death suit . . . [o]ther

claimants [in that class of beneficiaries] may intervene as a matter of right . . . [but] are not required to do so." **Fitzpatrick v. Hannibal Reg'l Hosp.**, 922 S.W.2d 840, 844 (Mo. Ct. App. 1996) (citations omitted); see also **Denton v. Soonattrukal**, 149 S.W.3d 517, 523 (Mo. Ct. App. 2004) (quoting Fitzpatrick, 922 S.W.2d at 844)). While the joinder of all persons in a statutory class of beneficiaries is not necessary to the pursuit of a wrongful death action, the maintenance of a wrongful death action and the recovery of damages "without joinder [of others entitled to pursue the action requires that the person pursuing the wrongful death claim] satisfy the court that [s]he has diligently attempted to notify all parties having a cause of action under section 537.080." Mo. Rev. Stat. § 537.095.1.

Here, it is clear that Simmons did not include, name, identify, or otherwise refer to Intervenor, the minor decedent's father, in her administrative claim. Nor did she include, name, identify, or otherwise refer to Intervenor, the minor decedent's father, in the complaint, which also did not clearly set forth claims based on Missouri's wrongful death statute. Simmons also does not contest Intervenor's references to her failure to advise him or notify him of her effort to pursue the administrative claim and then this lawsuit seeking relief based on their minor son's death; and his subsequent discovery of the filing of this lawsuit through news media (Doc. 3 at 2).

Simmons' failure to keep Intervenor apprised of her efforts to seek relief based on their minor son's death, and her failure to satisfy this Court, to date, that she "diligently attempted to notify" Intervenor of this lawsuit supports a determination that Intervenor should be allowed

to intervene to protect his interests in this litigation and its outcome, even if the intervention is not a matter of right. The need for Intervenor to participate in these FTCA wrongful death proceedings in order to protect his interests is further supported by the principle that "evidence of the parent-child relationship is relevant" to the "nonpecuniary considerations" for an award of damages, **Kilmer v. Browning**, 806 S.W.2d 75, 81 (Mo. Ct. App. 1991), and "[c]rucial factors in the computation of consortium and companionship damages to a parent for the loss of a child . . . must include the physical, emotional, and psychological relationship between the parent and the child," **Coggins v. Laclede Gas Co.**, 37 S.W.3d 335, 343 (Mo. Ct. App. 2000). It is clear that Intervenor's claims present questions of law and fact shared with the pending FTCA claims and the record raises questions whether, in Intervenor's absence, Simmons would adequately or accurately portray the scope of any relationship Intervenor may have had with the minor decedent.

The Government opposes Intervenor's intervention for purposes of the FTCA claims only,[6] on the grounds those claims are barred because Intervenor has not submitted an administrative claim, which must be filed within two years after the claim accrues, 28 U.S.C.

---

[6] The Government does not oppose intervention on the Bivens claims in Counts V through VIII of the complaint because Intervenor's pursuit of those claims is timely. (Government Br. Oppos. Mot. Intervene at 6-7 [Doc. 16].) "**Bivens** actions are governed by the same statute of limitations as [42 U.S.C.] § 1983 actions." **Sanchez v. United States**, 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Actions under § 1983 are "governed by the statute of limitations for personal injury actions in the state in which the claim accrues." **Id.** Missouri has a five-year statute of limitations period for personal injury actions, Mo. Rev. Stat. § 516.120(4), and a three-year statute of limitations period for wrongful death actions, Mo. Rev. Stat. § 537.100. Under either of those statutes of limitations, Intervenor's pursuit of constitutional claims arising out of his son's death are timely, because his son died less than three years ago.

§§ 2401(b) and 2675(b),[7] and completion of the administrative process is a prerequisite to pursuing the FTCA claims in federal court, 28 U.S.C. § 2675(a), **McNeil v. United States**, 508 U.S. 106, 111-12 (1993), and **T.L. ex rel. Ingram v. United States**, 443 F.3d 956 (8th Cir. 2006). Simmons also opposes the motion for intervention as to the FTCA claims on this basis. Intervenor responds that, due to Simmons' timely filed administrative claim for their son's wrongful death, he should be entitled to intervene in the FTCA claims despite his failure to file his own administrative claim. Additionally, Intervenor argues the two-year filing period should be equitably tolled and should not preclude him from pursuing the FTCA claims now.

> 28 U.S.C. § 2675(a) provides in relevant part that:
>
> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing .
> . . .

This statutory presentment requirement is a jurisdictional prerequisite to the bringing of a civil action against the United States under the FTCA. **Bellecourt v. United States**, 994 F.2d 427,

---

[7] Intervenor argues that his FTCA claims are timely because Missouri's statutes of limitations apply to the FTCA claims. While state law determines substantive liability under the FTCA, federal law defines the applicable limitations period for FTCA claims. See **In re Franklin Sav. Corp.**, 385 F.3d 1279, 1288 (10th Cir. 2004); **Poindexter v. United States**, 647 F.2d 34, 36 (9th Cir. 1981); **Young v. United States**, 184 F.2d 587 (D. C. Cir. 1950); **State of Md. to Use of Burkhardt v. United States**, 165 F.2d 869 (4th Cir. 1947); see also **Manko v. United States**, 830 F.2d 831, 839 (8th Cir. 1987) ("Unless a claim is filed within the two-year limitations period of § 2401(b), there is no right to proceed against the government in a[n FTCA] action"); **Wollman v. Gross**, 637 F.2d 544, 547 (8th Cir. 1980) (applying the two-year period of § 2401(b) and noting that "[t]he FTCA waives the sovereignty of the United States, and the courts in construing the statute of limitations, which is a condition of that waiver, should not extend the waiver beyond that which Congress intended").

430 (8th Cir. 1993); **Farmers State Sav. Bank v. Farmers Home Admin.**, 866 F.2d 276, 277 (8th Cir. 1989); **Melo v. United States**, 505 F.2d 1026, 1030 (8th Cir. 1974). If the presentment requirement is not satisfied, the FTCA claim must be dismissed for lack of jurisdiction without addressing the merits of the claim. See **Bellecourt**, 994 F.2d at 430; **Melo**, 505 F.2d at 1030.

In the Eighth Circuit, the notice or presentment requirement of § 2675 is satisfied if the claimant provides "sufficient information for the agency to investigate the claims" and "the amount of damages sought."[8] **Farmers State Sav. Bank**, 866 F.2d at 277. "[T]wo prerequisites for administrative investigation are the identity of the claimants, see Lunsford [v. United States, 570 F.2d 221,] 226 [(8th Cir. 1977)], and the nature of the claims, see Melo, 505 F.2d at 1029." **Id.** When there are multiple claimants each claimant must submit his or her own administrative claim before pursuing an FTCA lawsuit. See **Lunsford**, supra (individual plaintiffs who had filed administrative claims on their own behalf or as administrators of estates could not pursue an FTCA lawsuit on behalf of unnamed class members who had not filed administrative claims).

In **Manko**, supra, the Eighth Circuit rejected an argument that a husband's

---

[8] The United States Court of Appeals for the Eighth Circuit recently vacated a panel opinion and decided to consider en banc an appeal addressing the requirements of presentment of an administrative claim to a federal agency for purposes of the FTCA. See **Mader v. United States**, 619 F.3d 996 (8th Cir. 2010), vacated and rehearing en banc granted (Dec. 14, 2010). It is not clear how similar or different the present wrongful death FTCA claims are to the FTCA claim in **Mader**, which lawsuit was apparently pursued after a death following allegedly negligent medical care by federal employees in Nebraska. **Id.** at 997. Without more, it is not clear that this Court should await the en banc decision by the Eighth Circuit in **Mader** before resolving the presentment issue for the Missouri wrongful death claims under the FTCA in this lawsuit.

administrative claim arising from his personal injuries allegedly due to a swine-flu shot served as notice of his wife's loss of consortium claim related to those personal injuries. **Manko**, 830 F.2d at 840. The Eighth Circuit found that the husband's timely personal injury claim form, which reported that he was married, was insufficient notice of his wife's loss of consortium claim because his claim only gave "the government notice that [his wife] could have a claim for some undetermined sum which she might present." **Id.** While acknowledging that the husband's claim "did . . . show that she is his wife, and the description of his injury may have suggested that she suffered a loss of consortium," the Eighth Circuit expressly noted that the husband's claim "did not notify the government that [his wife] was also a claimant; nor did it state the amount of any claim she might have." **Id.**

Here, Simmons' administrative claim did not mention Intervenor or his relationship to the minor decedent, although it did mention she was the mother of the minor decedent which might suggest that the minor decedent may have another parent who would also have a wrongful death claim under Mo. Rev. Stat. § 537.080.1(1). As in **Manko**, Simmons' claim did not convey to the federal agency the possibility that Intervenor would pursue a wrongful death claim arising out of the shooting of the minor decedent or the amount of any such claim by Intervenor. Based on **Manko**, Intervenor's effort to use Simmons' timely administrative claim as satisfaction of his presentment requirement is not persuasive. See <u>**Haceesa v. United States**</u>, 309 F.3d 722, 734-35 (10th Cir. 2002) (reversing an FTCA award to dismiss the claim by the decedent's estate, in relevant part, upon finding the administrative claims filed by the

decedent's wife and minor child on their own behalf were not sufficient to place the government on notice that they were also seeking to assert a wrongful death claim on behalf of the decedent's estate, which was permitted by New Mexico state law to recover damages for the decedent's "conscious pain and suffering and medical and related care between the date of injury and death," which damages were distinct from those recoverable by the decedent's wife and child, although a minor child's loss could be recovered in an estate's claim); but see, **Hiatt v. United States**, 910 F.2d 737, 741-42 (11th Cir. 1990) (reversing an FTCA wrongful death award and remanding to enter a damages award in favor of a nineteen-year-old "minor" relative of the decedent whose name was not on the administrative claim, upon finding an administrative claim filed by a person acting as "the personal representative of [the decedent]'s estate" gave notice to the government "that damages would be sought for all beneficiaries of the estate" and finding "[t]he administrative claim and the FTCA suit . . . assert[ed] virtually the same claim; both sought damages for [the decedent]'s wrongful death").

Intervenor also urges that the two-year statute of limitations period in 28 U.S.C. § 2401(b)[9] is subject to equitable tolling, which he is entitled to because

> Simmons, surreptitiously, engaged the process and intentionally concealed the information that there was a cause of action and an administrative process; [and did not identify nor notify Intervenor[] consistent with their agreement.

---

[9] 28 U.S.C. § 2401(b) states that

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

> \* \* \*
>
> [Furthermore,] Intervenor was not made aware that there was a cause of action against the United States government until[] his knowledge of such [was] gleaned from the nightly news report in the media. . . . Simmons and Intervenor sought, as a unit, information as to [whe]ther there was negligence in the death of their son. . . . Simmons engaged an administrative process [and] conceal[ed] the process, the administrative forms and such, [from] Intervenor, [who,] though engaged in due diligence to ascertain sufficient information, was not availed [of] the process . . . [and] there was no reasonable explanation for the concealment.

(Intervenor's reply at 2-3 [Doc. 19].)

"A tort claim against the United States is barred unless the plaintiff files an administrative claim within two years after the claim accrues." **Ryan v. United States**, 534 F.3d 828, 831 (2008) (per curiam) (citing 28 U.S.C. § 2401(b)). A wrongful death action accrues on the date of death. See **Clifford by Clifford v. United States**, 738 F.2d 977, 980 (8th Cir. 1984) (noting that "[i]n a death case [under the FTCA] . . . , it is fair for the claim to accrue at the time of death"); see also **Sullivan**, 851 S.W.2d at 515 (the wrongful death "right of action . . . vests in the survivors at the moment of death"); **American Family Mut. Ins. Co. v. Ward**, 774 S.W.2d 135, 136-37 (Mo. 1989) (en banc) ("The cause of action for wrongful death . . . 'accrued to plaintiffs as the designated beneficiaries at the moment, but not until the moment, that the death of the deceased occurred'") (quoting Nanney v. I. H. Shell & Son, 138 S.W.2d 717, 719 (Mo. Ct. App. 1940)). When a court finds that an administrative claim has not been presented in a timely manner, a court may not further address it. See, e.g., **T.L. ex. rel. Ingram**, supra (affirming the grant of summary judgment on an FTCA claim upon determining that the two-year period for filing administrative claim was not equitably tolled).

Here, the parties do not dispute that Intervenor's minor son died on June 29, 2008, or more than two years before this lawsuit, including the motion to intervene, was filed.  Therefore, absent equitable tolling, Intervenor's FTCA claims are barred because he has not yet filed an administrative claim.

While the doctrine of equitable tolling applies to FTCA claims, "it does not apply to 'garden variety' claims of excusable neglect, Irwin[ v. Department of Veterans Affairs], 498 U.S. [89,] 96 [(1990)], and should be invoked only in exceptional circumstances." **T.L. ex rel. Ingram**, 443 F.3d at 963.  The party claiming the benefit of equitable tolling has the burden to show that he or she is entitled to it.  **Id.**  The limitations period is not tolled and the cause of action still accrues "'[w]here the government or its agents have not misled or deceived a plaintiff, or otherwise hidden the legal identity of alleged tortfeasors as federal employees.'"  **Id.** at 964 (quoting Garza v. United States Bureau of Prisons, 284 F.3d 930, 935 (8th Cir. 2002)).

Here, Intervenor's equitable tolling argument is not based on any alleged misleading or deceiving conduct by the Government, but rather is based on allegedly misleading or deceiving conduct by Simmons.  Any such conduct by Simmons is not conduct of the Government or its agents.  Without allegedly misleading or deceiving conduct by the Government or its agents, Intervenor's equitable tolling argument lacks merit.

Additionally, there is no indication of what Intervenor did do or could not do to submit his own timely administrative claim.  Therefore, this Court is unable to determine whether or

not Intervenor is "blameless" in the failure timely to file such a claim. **Sell v. United States Dept. of Justice**, 585 F.3d 407, 410 (8th Cir. 2009) ("Tolling is an equitable remedy that is applied when the plaintiff is blameless").

Finally, Intervenor had sufficient time after his son's death to inquire into the source of a claim for that death and any mistake of law on Intervenor's part does not entitle him to equitable tolling. **Motley v. United States**, 295 F.3d 820, 824 (8th Cir. 2002).

Without more, the circumstances here do not support the equitable tolling of the two-year statute of limitations period applicable to the FTCA claims.

Intervenor's motion to intervene with respect to Simmons' FTCA claims is denied due to Intervenor's failure to present his administrative wrongful death claim for the shooting of his minor son within two years of his son's death. This ruling shall not adversely affect Intervenor's ability to pursue, under Mo. Rev. Stat. § 537.095 and related authority, his interests in any apportionment and/or distribution of any proceeds derived from Simmons' FTCA wrongful death claims.

Constitutional Claims. Finally, Simmons argues the motion to intervene should be denied with respect to the constitutional claims on the grounds Intervenor's participation "will inject confusion at a trial" and is not necessary because, pursuant to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080 et seq., only one wrongful death action may be brought against any one defendant for a person's death and Intervenor may participate in a judicial hearing for distribution and apportionment of any proceeds resulting from this wrongful death

lawsuit, see, e.g., Mo. Rev. Stat. § 537.095.2.

Based on the circumstances here, as discussed earlier, the Court concludes it is proper to permit the intervention as to the constitutional claims. Any "confusion at a trial" may be addressed by the Court at that time, and is not alone a basis for denying an intervention motion. Based on the foregoing discussion, and because Intervenor is the natural father of the minor decedent, the claims presented by Intervenor and by this lawsuit arise out of the death of his minor son, and his intervention will not unduly delay or prejudice the adjudication of the original parties' rights, the motion to intervene will be granted with respect to the constitutional claims.

Motion to Stay. Intervenor recently filed a motion seeking a stay of "proceedings as it pertains to responding to Defendant[s'] Motion [to Substitute, and to Dismiss or] for Summary Judgment until the Close of Discovery and the dispositive Motion deadlines set forth in the Court[']s Case Management Order" (Doc. 51). Having recently stayed discovery regarding the constitutional claims, Memorandum and Order, dated January 21, 2011, and granted Simmons an extension until March 17, 2011, for her to respond to Defendants' pending motion to substitute and to dismiss or for summary judgment, see Order, dated February 10, 2011, the Court will grant Intervenor's motion to stay only so that he may have until March 17, 2011 to file a response to the pending motion to substitute and to dismiss or for summary judgment (Doc. 38).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to intervene [Doc. 3] is **GRANTED** in

part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Intervenor is added as a plaintiff only with respect to the constitutional claims in this proceeding.

**IT IS FINALLY ORDERED** that Intervenor's motion to stay [Doc. 51] is **DENIED** in part and **GRANTED** in part only so that Intervenor may file his response, if any, to the pending motion to substitute and to dismiss or for summary judgment on or before March 17, 2011.

          /s/ Thomas C. Mummert, III
          THOMAS C. MUMMERT, III
          UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2011.