## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IN RE RANDOLPH[1] SCOTT by NEXT FRIEND and SPECIAL ADMINISTRATOR VIANNA SIMMONS, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| RANDOLPH[2] SCOTT, | ) ) |
| Intervenor Plaintiff, | ) ) ) |
| vs. | ) Case number 4:10cv1578 TCM ) |
| UNITED STATES OF AMERICA, PARK RANGER JOS[HUA][3] UPDEGRAFF, ASSISTANT CHIEF RANGER BETH STOUT, and ASSISTANT CHIEF RANGER SCOTT [C]ARRIGAN,[4] | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

---

[1] The record reflects that this name is sometimes spelled "Randolph" and sometimes spelled "Randolf." The Court will spell it "Randolph" as it was spelled in the Complaint.

[2] The record reflects that this name is sometimes spelled "Randolph" and sometimes spelled "Randolf." The Court will spell it "Randolph" as it was spelled in the motion to intervene.

[3] The caption of the complaint lists this first name as "Josn" while the record reflects that this name is "Joshua." The Court will spell it "Joshua" as it was spelled in the motion to substitute or dismiss that was filed by this Defendant and other Defendants.

[4] This name was spelled "Karrigan" in the caption of the complaint. The record reflects that this name is sometimes spelled "Karrigan" and sometimes spelled "Carrigan." The Court will spell it "Carrigan" as it was spelled in the motion to substitute or dismiss that was filed by this Defendant and other Defendants.

This matter is before the Court on a motion to substitute or dismiss [Doc. 38][5] filed by defendants Joshua Updegraff, Elisabeth Stout, and Scott Carrigan (collectively, Individual Defendants), and on Individual Defendants' motion to limit discovery in time and scope ("motion to limit") [Doc. 56].[6]

The complaint presents four claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and four federal constitutional claims pursuant to **Bivens v. Six Unknown Fed. Narcotics Agents**, 403 U.S. 388 (1971), against Defendant United States of America and Individual Defendants, who are employees of the National Park Service.[7] The claims arise out of the shooting death of minor Randolph Scott by Defendant Updegraff (Decedent), who was allegedly supervised by the other two Individual Defendants, Defendant Stout and Defendant Carrigan.

---

[5] This motion also included a motion for summary judgment, which the Court denied without prejudice to refiling, if appropriate, upon the completion of discovery. See Order dated March 4, 2011 [Doc. 55].

[6] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[7] Two other Defendants, the United States Park Service and the United States Department of the Interior, were dismissed with prejudice in November 2010. (See Order, dated Nov. 5, 2010 [Doc. 20].) That dismissal is supported by the substitution of the United States of America for those defendants with respect to the FTCA claims; and, as to the Bivens claims, by the inability of a federal agency to be sued under Bivens. See **Correctional Servs. Corp. v. Malesko**, 534 U.S. 61, 70, 72 (2001) (noting that "[t]he purpose of Bivens is to deter individual federal officers from committing constitutional violations" and that a federal prisoner having a Bivens claim against a federal officer "may not bring a Bivens claim against the officer's employer, the United States or the [Bureau of Prisons; w]ith respect to the alleged constitutional deprivation, his only remedy lies against the individual"); **Federal Deposit Ins. Corp. v. Meyer**, 510 U.S. 471, 483-86 (1994) (a Bivens claim may not be pursued against a federal agency); **Patel v. United States Bureau of Prisons**, 515 F.3d 807, 812 (8th Cir. 2008) ("Bivens allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations").

Motion to Substitute. Individual Defendants move to substitute the United States of America in their place with respect to the FTCA claims only. The FTCA provides that

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the [FTCA] claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of [the FTCA], and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Individual Defendants have provided the required certification that they were acting within the scope of their employment at the time of the incident out of which the pending FTCA claims arose. (See Gov't Ex. A attached to Individual Defs.' Mem. Supp. Mot. Substitute and Dismiss [Doc. 41-1].) Additionally, the complaint alleges that, "[i]n doing the acts alleged in this complaint [Individual Defendants] were acting within the course and scope of their employment." (Compl. ¶¶ 9, 27 [Doc. 1].) Therefore, the United States of America will be substituted for Individual Defendants with respect to the FTCA claims only. The Bivens claims against Individual Defendants remain pending.

Motion to Dismiss. By their motion to dismiss, Individual Defendants seek dismissal of the federal constitutional claims pursued under Bivens against Defendant Updegraff and

Defendant Stout[8] on the grounds those claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also **Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S. Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient.

---

[8] The motion does not present argument regarding Defendant Carrigan, because Individual Defendants take the position, based on their view of the Bivens claims in counts five through eight of the complaint, that there is no Bivens cause of action set forth against Defendant Carrigan. They interpret the fifth and seventh causes of action, which they characterize as "very similar," as stating a claim against only Defendant Updegraff for using excessive force against Decedent in violation of decedent's Fourth and Eighth Amendment rights; the sixth cause of action as stating a claim against Defendant Stout for her alleged failure to train and supervise Defendant Updegraff resulting in Defendant Updegraff's use of excessive force against Decedent; and the eighth cause of action as asserting a claim against Defendant United States. Because only Defendant Updegraff is named in the seventh cause of action, and because neither Plaintiff nor Intervenor Plaintiff contest Individual Defendants' interpretation of the claim set forth as the seventh cause of action, the Court accepts Individual Defendants' interpretation of the seventh cause of action as stating a Bivens claim against Defendant Updegraff only and understands the pending complaint presents no Bivens cause of action against Defendant Carrigan.

**Twombly**, 550 U.S. at 555; accord **Iqbal**, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1949; **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1950-51. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." **Braden**, 588 F.3d at 594.

In part the motion to dismiss raises issues regarding qualified immunity and presents materials outside the pleading regarding those issues. For the Court to consider the additional materials that were submitted with the motion to dismiss, "the motion must be treated as one for summary judgment under Rule 56 [and the] parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The present motion as originally filed had alternatively sought summary judgment, in relevant part based on qualified immunity. The Court denied the motion for summary judgment without prejudice to re-filing it after discovery, because Plaintiff and Intervenor Plaintiff sought further discovery before filing their responses to that motion and Defendants did not object to further discovery on certain issues pertaining to qualified immunity. (See Order, dated Mar. 4, 2011

[Doc. 55].) Under the circumstances, the Court will not now address the qualified immunity issues presented in the motion to dismiss and will deny the motion to dismiss without prejudice as to those issues only.

Defendant Stout also moves to dismiss the Bivens claim against her on the ground she did not personally participate in the alleged violation of Decedent's constitutional rights.[9] The parties do not dispute that supervisory officials, such as Defendant Stout, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See **Iqbal**, 129 S. Ct. at 1948 (noting a party "correctly concede[d] that Government officials may not be held liable [pursuant to Bivens] for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Rather, in a Bivens action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." **Id.**

The factual allegations of the complaint mainly focus on the incident itself, in which only Defendant Updegraff was personally involved. (Compl. ¶¶ 10-12, 14,15, 29-31, 34 38.) The allegations focused on Defendant Stout state that she is

> employed by [the] United States National Park Service as an Assistant Chief Ranger for the National Park Service and is a federal law enforcement officer and/or investigative officer and is responsible for ensuring that all law enforcement [officers] in the National Park Service are properly trained in the use of force, including firearms in the performance of their duties as federal law enforcement officers.

---

[9] To the extent Defendant Stout provides her affidavit in support of this dismissal request, the Court will not now consider that affidavit because the Court is not now considering this motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

\* \* \*

In doing the acts alleged in this complaint Defendant[] . . . Beth Stout . . . w[as] acting within the course and scope of [her] employment and w[as] acting on behalf of Defendant United States of America in [her] capacit[y] as Federal Park Ranger and Assistant Chief Ranger and/or supervisor[]s of Defendant Updegraff.

\* \* \*

. . . Upon information and belief Defendant Beth Stout was the direct supervisor of Defendant Updegraff in [the] absence of Defendant Scott [C]arrigan.

\* \* \*

Defendant Beth Stout was negligent in failing to ensure that Defendant Updegraff had proper and special training for the duties that a Federal Park Ranger could foreseeably be expected to perform in the course of Ranger Updegraff's employment with Defendant United States of America, especially with regards to the use of force and/or deadly force.

Defendant Beth Stout was negligent in failing to supervise [to] ensure that Defendant Updegraff had properly conducted himself for the duties that a Federal Park Ranger could foreseeably be expected to perform in the course of Defendant Updegraff's employment with Defendant United States of America, especially with regards to the use of force and deadly force.

At all relevant times Defendant Beth Stout was the supervisor of Defendant Updegraff and was negligent in failing to supervise Defendant Updegraff and further failing to protect Scott from Defendant Updegraff['s] use of force and/or use of deadly force by direct intervention and/or [by] other Rangers who she supervised [on] the day at issue in which Scott was harmed resulting in his death.

As a direct and proximate result of the negligence of Defendant Beth Stout Plaintiff was damaged as alleged.

\* \* \*

> Pursuant to IV Amendment [to] the United States Constitution, the V Amendment to the United States Constitution and the VIII Amendment to the Constitution Plaintiff brings action against Defendant Beth Stout for failure to train and supervise Defendant Updegraff whose actions included use of excessive force upon [decedent] Scott rising to violations [of] the United States Constitutional Rights of Scott, including, without limitation[,] depriving [decedent] Scott of his rights to be secure in his person, depriv[ing decedent Scott] of his right of life and liberty without due process of law, and subject[ing decedent Scott] to cruel and unusual punishments in contravention of [the] Constitutional rights afforded to him by the United States Constitution and its Constitutional Amendments and applicable statutes.

(Compl. ¶¶ 6, 9, 24, 27, 43, 44, 46, 57 [Doc. 1].)

Viewing the allegations of the complaint, which include more specific allegations about what Updegraff allegedly did in using force and deadly force during the incident resulting in minor Scott's death, favorably to Plaintiff and Intervenor Plaintiff, the allegations are not sufficient to state a claim for relief under <u>Bivens</u> against Defendant Stout. There are allegations that Defendant Stout was responsible for properly training National Park Service law enforcement officials in the use of force, including firearms, and she allegedly failed properly to train Defendant Updegraff. Additionally, there are allegations that she was Defendant Updegraff's supervisor in the absence of Defendant Carrigan and she allegedly failed to supervise Defendant Updegraff. These allegations do nothing more than attempt to state a <u>Bivens</u> claim against Defendant Stout based on respondeat superior principles, principles which do not support a <u>Bivens</u> claim.

Accepting the factual allegations as true, there is nothing in those allegations to demonstrate how Defendant Stout personally failed to train or supervise Defendant Updegraff with respect to the incident leading to minor Scott's death. Nothing in the allegations provides

a factual basis to raise more than a speculative right to relief as against Defendant Stout. None of the factual allegations provide a <u>Bivens</u> claim against Defendant Stout that is plausible on its face or allow this Court to draw a reasonable inference that she is liable for the alleged misconduct. Accordingly, this aspect of Individual Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted.

<u>Motion to Limit Discovery.</u> The parties are to complete all discovery in this case by August 28, 2011. [Case Mgmt. Order, filed Jan. 14, 2011 Doc. 35].) On January 21, 2011, the Court granted Individual Defendants' motion to stay in part so as to stay discovery on the federal constitutional claims. [Doc. 37.] On March 4, 2011, the Court lifted that stay and denied Individual Defendants' motion for summary judgment without prejudice to re-filing such a motion upon the completion of discovery. [Doc. 55.]

By their pending motion to limit, Individual Defendants seek an order limiting both the time for and scope of discovery on the qualified immunity issues.[10] Individual Defendants want to limit to sixty days the time for discovery directed to qualified immunity issues and want to limit the scope of that discovery to the single-spaced text on pages 3 and 4 of the Court's March 4, 2011 order [<u>id.</u>]. Additionally, Individual Defendants ask that they "be allowed to re-file their Motion for Summary Judgment after the 60 days has expired."

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established

---

[10] Individual Defendants state that they "are not challenging the Order lifting the stay to the extent discovery is allowed."

statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982). To defeat qualified immunity, "a plaintiff must demonstrate that the official's actions violated a statutory or constitutional right, that the right was clearly established at the time of the violation, and that a reasonable official would have known that his conduct violated that right." **Technical Ordnance, Inc. v. United States**, 244 F.3d 641, 646 (8th Cir. 2001). Because qualified immunity is an immunity from suit rather than only a defense to liability, the question of qualified immunity must be resolved "at the earliest possible stage in litigation." **Hunter v. Bryant**, 502 U.S. 224, 228 (1991) (per curiam); see also **Technical Ordnance, Inc.**, 244 F.3d at 646 ("Qualified immunity issues should be resolved as early as possible because one of the purposes of qualified immunity is to protect public officials from disruptive 'broad-ranging discovery'"). Notably, when qualified immunity is at issue, discovery should be "tailored specifically to the question of . . . qualified immunity." **Anderson v. Creighton**, 483 U.S. 635 646 n.6 (1987); accord **Crawford-El v. Britton**, 523 U.S. 574, 599-600 (1998) ("the judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible").

Under the circumstances, the Court will grant sixty more days to conduct discovery on the constitutional claims pursued under Bivens, and that discovery will be limited to qualified immunity issues only. As with the earlier stay, this limitation on discovery does not affect the conduct of discovery pertaining to the FTCA claims, which discovery must be completed by

the discovery deadline. Defendants Updegraff and Stout may, if they deem it appropriate, file any motion for summary judgment regarding their qualified immunity as to the Bivens claims after the sixty-day period for discovery has expired.

Finally, the Court notes that at least one litigant incorporated by reference a previously filed document as support for the litigant's position on a matter now under the Court's consideration. The parties are advised that they may not incorporate by reference any previously filed materials as support for their positions on any subsequently filed motions or other matters presented during the subsequent course of this litigation.

Based on the foregoing, including the interpretation of Count VII as set forth in this memorandum, there are no claims remaining against Defendants Stout and Carrigan. The only Defendants remaining in this lawsuit are Defendant Updegraff and Defendant United States of America, with FTCA and Bivens claims pending against them.

Accordingly,

**IT IS HEREBY ORDERED** that Individual Defendants' motion to substitute [Doc. 38] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant United States of America is **SUBSTITUTED** for the Individual Defendants only with respect to the FTCA claims in the first four counts of the complaint.

**IT IS FURTHER ORDERED** that Individual Defendants' motion to dismiss [Doc. 38] is **DENIED without prejudice** as to the qualified immunity issues.

**IT IS FURTHER ORDERED** that Individual Defendants' motion to dismiss [doc. 38] is **GRANTED** so as to dismiss the Bivens claim against Defendant Stout for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the claims against Defendants Stout and Carrigan are **DISMISSED**.

**IT IS FINALLY ORDERED** that Individual Defendants' motion to limit [Doc. 56] is **DENIED** in part and **GRANTED** in part so that, within the next sixty days, the parties shall complete discovery regarding qualified immunity issues pertaining to the constitutional claims pursued under Bivens; and any motion for summary judgment raising qualified immunity issues may be filed after that sixty-day period ends.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of May, 2011.