UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE RANDOLPH SCOTT ) | |
| by NEXT FRIEND and SPECIAL ) | |
| ADMINISTRATOR, VIENNA SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| RANDOLPH SCOTT, SR., ) | |
| ) | |
| Intervenor Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv1578 TCM |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| PARK RANGER JOSH UPDEGRAFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' jointly proposed motion to approve settlement and allocation of proceeds from wrongful death settlement and to dismiss ("motion") [176].[1]  By this motion, the parties ask the Court to approve both the settlement of this lawsuit for the total amount of $542.612.50 and the distribution of the proceeds.  Once the order is entered, then the case may be dismissed with prejudice with each party bearing its own costs, as requested in the motion.

This lawsuit arises out of the tasering and fatal shooting of Randolph Scott, Jr. ("Decedent") on June 29, 2008, by Defendant Josh Updegraff, who was then an employee of the United States National Park Service at the Jefferson National Expansion Memorial

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

("Arch") in St. Louis, Missouri. The claims remaining before the Court are wrongful death claims pursued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680k, against Defendant United States of America ("United States") (Counts I and II) and under **Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics**, 403 U.S. 388 (1971), against Defendant Updegraff (Count V). Plaintiff Vienna Simmons is Decedent's mother; Plaintiff Intervenor Randolph Scott, Sr., is Decedent's father; and Decedent's other next of kin who may pursue a wrongful death action under Mo. Rev. Stat. § 537.080 are two minor daughters, referred to as L.R.S. and P.A.S.

After the case was set for trial on January 7, 2013, and the Court held a status conference in early December 2012, the parties advised the Court that the parties had reached a settlement, that the parties were going to discuss further a proposed allocation of the settlement proceeds, and that the case should be removed from the trial docket. See Joint Memorandum of Understanding, filed Dec. 5, 2012 [Doc. 146]. The Court vacated the trial setting and set the matter for a hearing on January 7, 2013, to approve the distribution of settlement proceeds. See orders, dated Dec. 17, 2013 [Doc. 147] and Jan. 2, 2013 [Doc. 151]. The parties subsequently submitted an updated memorandum of understanding regarding the amicable resolution of the lawsuit. See Mem. of Understanding, filed Jan. 1, 2013 [Doc. 149].

During a conference and a hearing on January 7, 2013 [see Docs. 153 and 154], the parties submitted a revised motion to approve settlement and allocation of proceeds from wrongful death settlement and to dismiss [Doc. 159] ("the parties' revised motion"); stipulated that the two minor children are Decedent's children, waived any conflicts concerning represented parties, and agreed that the minor children's proceeds would be placed in

conservatorship in St. Louis County Probate Court [Doc. 158]; and presented testimony, evidence, and argument regarding the proposed settlement [see Docs. 153, 154, 155, 156, and 157]. The Court stated it approved the settlement. (See Minute Entry, filed Jan. 7, 2013 [Doc. 154].)

On January 18, 2013, after having received no information from the parties regarding the status of their efforts to fulfill settlement obligations or to dispose of the case in accordance with the approved settlement, the Court directed the parties to submit reports to the Court by January 28, 2013. (See Order, filed Jan. 18, 2013 [Doc. 160].) The parties' reports disclosed that they were still working on finalizing their settlement obligations, and the Court set a deadline by which the parties were to submit a joint report regarding the progress of their settlement efforts. (See Parties' Separate Status Reports, filed Jan. 28, 2013 [Docs. 161 and 162] and Order, filed Jan. 29, 2013 [Doc. 163].)

Plaintiff then advised that she had obtained a certified death certificate necessary for the conservatorship proceedings, the conservatorship documents were prepared, and the public administrator would serve as the conservator. (Pl.'s Status Reports, filed Feb. 8, 2013 [Docs. 164 and 165].) The parties also reported that they needed more time to work on the deposit of the settlement proceeds in this Court's registry, which the Court granted. (Parties' Joint Report, filed Feb. 11, 2013 [Docs. 167 and 168].) The parties subsequently requested a status conference to address the deposit of settlement funds, and the Court held the conference on February 26, 2013. (Parties' Joint Request for Status Conference, filed Feb. 20, 2013 [Doc. 169]; Order, filed Feb. 21, 2013 [Doc. 170]; Minute Entry, dated Feb. 26, 2013 [Doc. 171].)

At the end of March 2013, after not hearing from the parties since the February

conference, the Court directed the parties to file by April 10, 2013, a joint report advising the Court of the progress of their efforts to complete the settlement and final disposition of this case. (Order, filed Mar. 28, 2013 [Doc. 172].) The parties thereafter filed a report regarding their efforts and requesting a meeting with the Court. (Parties' Joint Report, filed Apr. 10, 2013 [Doc. 173].) The Court held the requested conference on May 10, 2013. (Order, filed Apr. 11, 2013 [Doc. 174]; Minute Entry, filed May 10, 2013 [Doc. 175].)

At that conference, the parties submitted a "Joint Parties Proposed Motion to Approve Settlement and Allocation of Proceeds from Wrongful Death Settlement and to Dismiss," including an Exhibit 1, "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677," and an Exhibit 2, "Stipulation for Compromise Settlement and Release of Any and All <u>Bivens</u> Claims" (all referred to as "the parties' May document"). The parties' May document has not been filed of record because it contains personal information, specifically the names and birth dates, of Decedent's minor children; and a redacted version of that document has not been submitted by the parties as requested by the Court. The Court will, therefore, direct that the parties' May document be placed and maintained under seal.

On May 28, 2013, and May 29, 2013, funds totaling $663,312.00 were deposited in the Court's registry with respect to this lawsuit.

A redacted version of the parties' May document is, in essence, the motion that the parties filed on June 14, 2013, and that is now under consideration [Doc. 176].[2] The Court has

---

[2] Neither Exhibit 1 nor Exhibit 2 of the parties' May document and of the motion now under consideration contain original signatures.

reviewed this motion, along with the parties' revised motion that the Court approved in January. The differences are that the total amount of settlement proceeds is greater now ($542,612.50, rather than $520,736.24), the amount of costs and expenses is lower now ($20,700.00, rather than $20,736.24), the allocated losses suffered by each of Decedent's next of kin are the same (15% to Plaintiff, 10% to Plaintiff Intervenor, and 37.5% to each of Decedent's minor children), the amount of attorney's fees designated for Plaintiff is less ($30,415.00, rather than $33,750.00), the amount of settlement proceeds to be distributed to Plaintiff is more now ($45,000.00, rather than $41,250.00), the amount of settlement proceeds to be distributed to each of Decedent's minor children is more now ($112,500.00, rather than $101,751.25), the amount of attorney's fees to be paid on behalf of each of Decedent's minor children remains the same ($85,748.00), and the amounts of attorney's fees and net proceeds attributable to Plaintiff Intervenor are the same ($16,665.00 and $33,335.00 respectively).

The Court determines that the lower amounts proposed for distribution as costs and expenses and the lower amount proposed for distribution as Plaintiff's attorney's fees, as well as the greater amount of proceeds proposed for distribution to each of Decedent's minor children and to Plaintiff, were before the Court during the May 10, 2013, conference and are reasonable under the circumstances. The Court approves the total settlement of $542,612.50 to resolve all of the claims arising out of and related to the circumstances surrounding Decedent's death; and approves the allocations and distributions proposed by the parties. In accordance with the motion and the record, the Court will grant the motion so as to allocate the net settlement proceeds as requested by the parties, permit the public administrator "to accept the settlement offer in consideration of the administrator executing and delivering a

release of any and all claims and to allocate."  Additionally, as requested in the motion, an order dismissing this case with prejudice, with each party to bear its own costs, will be entered.

The parties have also submitted a proposed amended payout order for the Court's consideration for payment of the funds deposited in the Court's registry.[3]  That amended payout order is addressed in a separate order.

After careful consideration,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file and maintain under seal the parties' May document, which the Court is providing to the Clerk with this order.

**IT IS FURTHER ORDERED** that the motion [Doc. 176] is **GRANTED**.

**IT IS FURTHER ORDERED** that the settlement in the total amount of $542,612.50 is **APPROVED**.

**IT IS FURTHER ORDERED** that, in accordance with the apportionment of the damages among Decedent's parents and minor children, they shall receive the following amounts:

a total of $79,954.34 in favor of Vienna Simmons, Decedent's mother, with $30,415.00 of that amount constituting attorney's fees, $4,539.34 of that amount constituting reasonable and necessary costs and expenses paid by her attorneys, and $45,000.00 of that amount constituting net proceeds for Vienna Simmons;

a total of $57,082.02 in favor of Randolph Scott, Sr., Decedent's father, with $16,665.00 of that amount constituting attorney's fees, $7,082.02 of that amount constituting reasonable

---

[3] Due to the submission of the proposed amended payout order, the Court is not considering for entry the proposed payout orders at Docs. 161-2, 161-3, and 177.

and necessary costs and expenses paid by his attorneys, and $33,335.00 constituting net proceeds for Randolph Scott, Sr.;

a total of $202,788.07 in favor of L.R.S., one of Decedent's minor children, with $85,748.75 of that amount constituting attorney's fees (specifically, $84,375.00 for Rudman & Smith, LLC, and $1,373.75 for the Lien from Bradley Law), $4,539.32 of that amount constituting reasonable and necessary costs and expenses paid by Rudman & Smith, LLC, and $112,500.00 of that amount constituting net proceeds for L.R.S.; and

a total of $202,788.07 in favor of P.A.S., one of Decedent's minor children, with $85,748.75 of that amount constituting attorney's fees (specifically, $84,375.00 for Rudman & Smith, LLC, and $1,373.75 for the Lien from Bradley Law), $4,539.32 of that amount constituting reasonable and necessary costs and expenses paid by Rudman & Smith, LLC, and $112,500.00 of that amount constituting net proceeds for P.A.S.

**IT IS FURTHER ORDERED** that the payout order shall provide that any interest accrued on the funds deposited in this Court's registry shall be paid so that Vienna Simmons receives 15% of that interest; Randolph Scott, Sr. receives 10% of that interest; and L.R.S. and P.A.S. each receive 37.5% of that interest.  In the payout order, Vienna Simmons has received $.25 of that accrued interest; Randolph Scott, Sr. has received $.16 of that accrued interest; and L.R.S. and P.A.S. each have received $.60 of that accrued interest.

**IT IS FURTHER ORDERED** that the public administrator in the conservatorship proceedings for Decedent's minor children is permitted to accept the settlement offer in consideration of the administrator executing and delivering a release of any and all claims and to allocate.

**IT IS FURTHER ORDERED** that, upon distribution of the funds from the Court's registry, parties and entities receiving funds shall acknowledge satisfaction of their portion of the settlement and costs.

**IT IS FINALLY ORDERED** that the claims of Plaintiff and Plaintiff Intervenor are **DISMISSED with prejudice**, with each party bearing its own costs.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of July, 2013.